[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In consideration of the full record, the Court concludes that a civil penalty in the amount of $3.0 million is appropriate, seeCarothers v. Capoziello, 215 Conn. 82, 103-04 (1990),Keeney v. Galluzo, Holbrook v. Circuits. Inc.
and other cases cited and arguments set forth in plaintiff's CT Page 9439 May 28 and June 16, 1998, memoranda. The factors that support this conclusion include, among others, the extremely serious and flagrant nature of the violations; the great number of the violations; the fact that defendants themselves created the violations; the substantial length of time the violations went unresolved despite the efforts of DEP to assist defendants come into compliance with applicable laws and regulations; the failure of defendants to take sufficient steps to change operating procedures; the failure of defendants to buy a new piece of equipment to mitigate or remedy the problems; the potential for harm to persons; the potential for harm to the environment, the persistent violator status of defendants; the desirability of deterring other similar violations by other entities in the future; and other factors listed in Carothers v.Capoziello.
Pursuant to this decision, the Court has signed the draft Judgment presented to it. However, plaintiff's June 16, 1998, Motion to Dispense with Notice of Judgment is denied. Plaintiff shall take steps to attempt to provide defendants with notice of judgment in this case. This denial is without prejudice.
 JUDGMENT
This action, by writ and complaint, claiming temporary and permanent injunction, civil penalties, and other relief, came to this court on October 28, 1996, and thence to February 14, 1997 when the defendants by their counsel entered into a stipulated partial judgment and counsel for the defendants was permitted to withdraw and thence to March 10, 1997 when the Court entered a default against the defendants.
The Court, having heard testimony at a hearing in damages on May 29, 1998, finds that the plaintiff is entitled to a permanent injunction and is entitled to have the Court enter an order requiring the defendants, Products Finishing Corp. of Connecticut and Kenneth L. Werden, pay to the State of Connecticut a civil penalty in the amount of $3.0 Millon.
WHEREUPON, it is adjudged and decreed:
1. This Judgment will apply to and bind the defendant Products Finishing Corp. of Connecticut ("Products Finishing Corp. ") and the defendant Kenneth L. Werden, and each of them, and their respective successors, heirs, assigns or agents. CT Page 9440
2. This defendants are ordered to pay to the State of Connecticut a civil penalty in the amount of $3.0 Million, payable forthwith.
3. A permanent injunction is issued, effective immediately, jointly and severally prohibiting the defendants Products Finishing Corp. and Kenneth L. Werden, and each of them, from operating any vapor degreaser at any facility owned and/or operated by the defendants within the State of Connecticut until the defendants receive written approval from the Commissioner of Environmental Protection ("Commissioner").
4. A permanent injunction is issued, effective immediately, requiring defendants Products Finishing Corp. and Kenneth L. Werden, to comply with Conn. Gen. Stat. Chapter 445, relating to hazardous waste management; Conn. Gen. Stat. Chapter 446c, relating to air pollution control; and Conn. Gen. Stat. Chapter 446k, relating to water pollution control at any facility owned and/or operated by the defendants within the State of Connecticut.
5. The injunctive provisions of this Judgment are entered under penalty of $25,000 per day per violation. In the event that any of the provisions of this Judgment are violated, the court may finalize a penalty in this amount and may take any other action authorized under the contempt power in order to coerce compliance with this Judgment, including the incarceration of any noncomplying defendant or defendants.
 MOTION TO DISPENSE WITH NOTICE OF JUDGMENT
Pursuant to P.B. § 10-12(b), the plaintiff represents that there is good cause to dispense with the requirement that the defendants be served with a copy of the judgment herein and represents in support thereof:
1. The defendants had actual notice of the pendency of this action and actively participated in this action until February 14, 1997.
2. The defendants did not file pro se appearance or retain substitute counsel after their counsel was permitted to withdraw in February, 1997. CT Page 9441
3. The plaintiff attempted to provide notice to the corporate defendant by its agent for service of process and the communication was returned with the notation addressee unknown. A copy of the envelope is attached hereto as exhibit A.
4. The plaintiff attempted to provide notice of his claim of this matter to the hearing in damages list to the defendant Kenneth Werden at his last known address and the communication was returned with the notation no forward order on file. A copy of the envelope is attached hereto as exhibit B.
5. The plaintiff attempted to provide notice of his claim of this matter to the hearing in damages list to the defendant Products Finishing Corporation of Connecticut at its last known address and the communication was returned with the notation forward time expired. A copy of the envelope is attached hereto as exhibit C.
6. Despite knowledge of the pendency of this action and the possibility of a judgment against them, the defendants have chosen to fail to keep this court or the plaintiff apprised of their whereabouts.
PLAINTIFF
RICHARD BLUMENTHAL, ATTORNEY GENERAL
 BY Judith A. Merrill Assistant Attorney General Juris No. 085483 P.O. Box 120 55 Elm Street Hartford. CT 06141-0120 Tel: (860) 808-5250
 ORDER
The foregoing motion having been heard, it is hereby DENIED:
BY THE COURT
Douglas S. Lavine, Judge/Clerk
EXHIBIT A CT Page 9442
[EDITORS' NOTE: IMAGE IS ELECTRONICALLY NON-TRANSFERRABLE.]
EXHIBIT B
[EDITORS' NOTE: IMAGE IS ELECTRONICALLY NON-TRANSFERRABLE.]
EXHIBIT C
[EDITORS' NOTE: IMAGE IS ELECTRONICALLY NON-TRANSFERRABLE.]